**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Rodney Lloyd Dockter | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Deutsche Bank Nat'l Trust Co., | ) | |
| Mackoff Kellogg Law Firm, and | ) | |
| Sandra Kuntz, | ) | Case No. 1:08-cv-099 |
| | ) | |
| Defendants. | ) | |

The plaintiff, Rodney Lloyd Docker, initiated the above entitled action by lodging a complaint and application to proceed *in forma pauperis* on November 18, 2008. The court granted his application and directed the Clerk's office to file Docket's complaint. What follows is a pre-service review of his complaint pursuant to 28 U.S.C. § 1915(e)(2).

I.   **BACKGROUND**

The complaint describes the events giving rise to Dockter's claims as follows. For purposes of this pre-service review, the facts will be accepted as pled.

In May 2004, Dockter refinanced his existing home mortgage through the Ameriquest Mortgage Company. He stopped making mortgage payments in November 2006 after a dispute arose over increases in his monthly payments. On March 16, 2007, he was served with a "Notice Before Foreclosure." On March 27, 2007, Dockter's mortgage was assigned to defendant Deutsche Bank National Trust Company ("Deutsche Bank").

On April 10, 2007, Dockter sent a "Notice and Demand" to Deutsche Bank. Therein he made a conditional offer to pay if Deutsche Bank could validate his debt within ten days. Deutsche

Bank did not respond.

On May 31, 2007, Deutsche Bank initiated a foreclosure against Dockter in state district court. Purportedly, a notary public subsequently sent the following documents to Deutsche Bank at Dockter's request: a "Notice of Dishonor" and a document described as an "Opportunity to Cure." Deutsche Bank responded to neither.

On June 19, 2007, Dockter moved to dismiss Deutsche Bank's foreclosure action with prejudice on the grounds that it had failed to validate his debt. In addition, he filed a "counterclaim for just compensation and damages." The court denied both.

On August 15, 2007, Docker filed a second motion to dismiss on the grounds that Deutsche Bank lacked standing. The court denied his motion, prompting Dockter to file a motion demanding that the presiding judge state the findings of fact and conclusions of law upon which he based his denial of Dockter's second motion to dismiss. The court denied his demand with the explanation that the facts and conclusions would come out at trial.

Dockter's complaint makes reference to a judgment in favor of defendant Deutsche Bank in Civil Action #07-C-1139, which indicates that the state court entered judgment before Dockter commenced this action. In fact, a cursory review of the state district court's docket (which the North Dakota Supreme Court has made available to the public through its website)[1] reveals that judgment was entered on February 28, 2008, and that the foreclosed property was sold at a Sheriff's sale in April 2008.

On November 11, 2008, Dockter lodged his complaint with this court the gist of which is that the defendants' failure to "validate" his mortgage debt within ten days and not responding to his

---

[1] <http://www.ndcourts.gov/publicsearch/contactsearch.aspx>

"notice of dishonor" and his "opportunity to cure" voided the mortgage debt and that, as a consequence, the state-court foreclosure action violated his constitutional rights and sundry federal civil and criminal statutes, including the Fair Debt Collections Practices Act (FDCPA). In his prayer for relief, Dockter seeks: (1) a declaration that the state-court judgment is void on its face, (2) an order directing Deutsche Bank to release the foreclosed property to him free of all liens and claims, (3) damages in the millions of dollars that clearly appear to be for compensation resulting from the entry of the state-court judgment, and (4) Dockter's costs in this action.

## II.   STANDARD OF REVIEW

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that the court may authorize the commencement of a suit without prepayment of fees by a person submitting a financial affidavit evincing an inability to pay. See 28 U.S.C. § 1915(a)(1). Notwithstanding financial eligibility, the court may dismiss a case at any time if it concludes the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In determining whether the complaint states a claim, the court must look to Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007). Also, the court must consider the Supreme Court's admonition that *pro se* complaints are to be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, __ U.S. __, 127 S.Ct. 2197, 2200 (2007) (per curiam). While these pleadings requirements are minimal and do not require a detailed recitation of the facts, even a *pro se* litigant must state enough in terms of the facts and grounds for relief to give the defendant fair notice of

what the claim is and to indicate that the right to relief is at least plausible, even if the chances for success are remote. See Erickson v. Pardus, supra; Hughes v. Banks, 2008 WL 4065874, *1 (8th Cir.2008) (unpublished opinion) (stating that even a *pro se* complaint must allege sufficient facts to support claims advanced); Carter v. Hassel, 2008 WL 649180, *1 (8th Cir. 2008) (unpublished per curiam) (allegations insufficient to describe the violation of a constitutional right with respect to certain of the claims); Kozikowski v. C.I.R., 258 Fed.Appx. 60, 2007 WL 3377146, *1 (2007) (unpublished per curiam) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1974 for the proposition that a complaint must plead enough facts to state a claim for relief that is plausible and dismissing a *pro se* complaint); cf. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955.

In construing the complaint, the court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 31-33 (1992) (court may disregard factual allegations that are clearly baseless, fanciful, fantastic, or delusional); Martinez v. Turner, 977 F.2d 421, 423 (8th Cir. 1992) (citing Nietske v. Williams, 490 U.S. 319, 325 (1989), for the proposition that a complaint is frivolous if it lacks an arguable basis in fact or is based on an indisputable meritless legal theory). Finally, just because a plaintiff is proceeding *pro se*, does not mean that the court is required to ignore facts pled in the complaint when they undermine the plaintiff's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim stated as a matter of law. E.g., Edwards v. Snyder, 478 F.3d at 830; Thompson v. Illinois Department of Professional Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).[2]

---

[2] In Edwards v. Snyder, the Seventh Circuit stated the following:
Complaints may be susceptible to dismissal for failure to state a claim for various reasons. For example, a plaintiff may allege too little in his complaint and fail to meet the minimal federal pleading requirements. See Fed. R. Civ. P. 8. Even if a complaint passes the minimal threshold of pleading

## III.     DISCUSSION

Lower federal courts are prohibited from reviewing state-court judgments because 28 U.S.C. § 1257(a) reserves this power to the United States Supreme Court. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86(1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This prohibition is generally referred to as the Rooker-Feldman doctrine. Recently, the United States Supreme Court in Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280 (2005) clarified the extent of the Rooker-Feldman prohibition, stating:

> The *Rooker-Feldman* doctrine ... is confined to cases of the kind from which the doctrine acquired its name: *cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions.

Exxon Mobil, 544 U.S. at 284 (emphasis added).

This case falls squarely within Rooker-Feldman's prohibition against lower federal courts reviewing state-court judgments given that: (1) Dockter was loser in the state court action; (2) he filed this case after the entry of judgment in the state proceeding; and (3) he requests that this court declare the state-court judgment void and grant other relief for the injuries claimed as a result of the allegedly void judgment in the form of specific relief for return of the property and money damages. Id,; see also Reusser v. Wachovia Bank, N.A., 525 F.3d 855 (9th Cir. 2008); Skit Intern., Ltd. v. DAC Technologies of Arkansas, Inc., 487 F.3d 1154 (8th Cir. 2007); Kafele v. Lerner, Sampson &

---

standards, dismissal for failure to state a claim may be appropriate if it "appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006); Dealt v. Carter, 224 F.3d 607, 610 n. 1 (7th Cir. 2000). A complaint can also allege too much; a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery. See McCreary v. BAY, Inc., 453 F.3d 882, 888 (7th Cir. 2006).
478 F3d at 830.

Rothfuss, L.P.A., 161 Fed.Appx. 487, 2005 WL 3528921 (6th Cir. 2005) (unpublished per curiam).

Further, the fact that Dockter also names Deutsche Bank's attorneys as additional defendants does not make Rooker-Feldman's prohibition less applicable to them. Dockter alleges that the attorneys were acting on behalf of Deutsche Bank and the claims against them are the same. See Kafele v. Lerner, Sampson & Rothfuss, L.P.A., supra. Or, to put it another way, the claims against the attorneys are inextricably intertwined with the claims against Deutsche Bank and, presumably, were made so that Deutsche Bank would be held vicariously liable for their actions. See, e.g., Fox v. Citicorp Credit Services, Inc. 15 F.3d 1507 (9th Cir. 1994). Essentially, the court would have to declare the state-court judgment void in order to grant the relief requested by Dockter.[3]

Aside from the fact that the court lacks the power to adjudicate Dockter's claims, Dockter has pled enough to demonstrate that his claims against Deutsche Bank and its attorneys are frivolous on their face. There simply is no basis under FDCPA, or otherwise, for Dockter's claims that his mortgage debt was voided because Deutsche Bank and its attorneys did not "validate" the mortgage debt within ten days of his demand and did not otherwise respond to his "notice of dishonor" and "opportunity to cure," and, that, as a consequence, (1) foreclosing party could not pursue the foreclosure because it (a) lost "standing," (b) was no longer a "holder in due course," or (c) that did not suffer an "actual injury" within the meaning of Article III of the United States Constitution, or (2) that enforcement of the allegedly now void mortgage debt constituted (a) a deprivation of due process, (b) a taking in violation of the Fifth Amendment, or (c) a violation of sundry criminal statutes, including those pertaining to mail fraud, corrupt practices, making false claims, and

---

[3] In other words, this is not case where the plaintiff has pled a violation of federal law that would be actionable independent of the prohibition of Rooker-Feldman. See, e.g., Senftle v. Landau, 390 F. Supp.2d 463 (D. Md. 2005).

possessing false securities.

### IV.  CONCLUSION

For the reasons stated above, the court lacks the authority to consider Dockter's claims. Further Dockter has failed to plead a claim upon which relief can be granted and his claims are frivolous on their face.  As a consequence, it is **RECOMMENDED** that Dockter's complaint be **DISMISSED** without prejudice (including without prejudice to the filing of a paid complaint) unless within 20 days he files an amended complaint that sets forth a cognizable claim for relief.

### V.  NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within ten (10) days after being served with a copy of this Report and Recommendation.  Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 15th day of December, 2008.

>                             */s/  Charles S.  Miller, Jr.*
>                             Charles S.  Miller, Jr.
>                             United States Magistrate Judge